304 So.2d 444 (1974)
THE FLORIDA BAR, Petitioner,
v.
Edward G. RICCARDI, Respondent.
No. 46178.
Supreme Court of Florida.
December 11, 1974.
*445 William B. Wiley, Asst. Staff Counsel, Tallahassee, Norman K. Schwarz and Leonard Rivkind, Miami Beach, for The Florida Bar, petitioner.
Robert C. Josefsberg, of Pearson & Josefsberg, Miami, for respondent.
PER CURIAM.
The Florida Bar has filed before us a petition requesting an adjudication of contempt and permanent injunction against the respondent for the unauthorized practice of law. A rule to show cause was issued to which a response was filed. Oral argument (not having been requested) is nevertheless deemed unnecessary and, therefore, is dispensed with. So too, the appointment of a referee is unnecessary.
The pertinent point raised in the petitioner's Complaint is contained in paragraph VII which reads as follows:
"Respondent has engaged in the unauthorized practice of law in Florida by the following:
"A. On August 24, 1973, Respondent appeared at and actively participated in the deposition of William V. Ehrens, Plaintiff, in the case of William V. Ehrens v. DuPont, Glore, Forgan, Inc., case No. 73-9492-SP-05, County Court in and for Dade County, Florida. Respondent acted as an advocate on behalf of the Plaintiff as the attached copy of the `Deposition of William v. Ehrens' discloses. (Petitioner's Exhibit B). By his words and conduct in representing the Plaintiff in the deposition proceeding, Respondent expressly and impliedly held himself out as an attorney-at-law, licensed to practice in the State of Florida.
"B. In the aforementioned deposition proceeding, Respondent expressly and impliedly held himself out to the court reporter, John J. Blue, as a licensed Florida attorney. A copy of said reporter's affidavit is attached hereto as Petitioner's Exhibit C.
"C. On August 28, 1973, Respondent appeared in and actively participated in a pretrial conference in the case of William V. Ehrens v. DuPont, Glore, Forgan, Inc. case No. 73-9492-SP-05, County Court in and for Dade County, Florida. As the attached copy (Petitioner's Exhibit D) discloses, Respondent appeared in the role of a representative/advocate for the Plaintiff. In addition, Respondent attempted to persuade the Court of his authority to so act:
"`MR. RICCARDI: According to certain rules of the Bar, which I don't have in front of me, a person not qualified can indeed represent somebody to give advice or wish to take a fee in certain paralegal activities.'"
To this Complaint respondent admits the words and actions as alleged and further admits the validity of petitioner's exhibits B, C and D, but denies that such actions and words on his part constituted unauthorized practice of law. We disagree.
Respondent is a disbarred attorney (The Florida Bar v. Riccardi, Fla. 1972, 264 So.2d 5) and neither at the times alleged in petitioner's Complaint nor at the present is he a member of The Florida Bar.
Based upon a complete and full investigation of the record as a whole, it clearly appears and we so hold that the respondent's conduct constituted the unauthorized practice of law.
Accordingly the respondent is hereby determined and found to be in contempt of this Court and fined the sum of $500.00 together with the costs expended by The Florida Bar in accumulating the evidence herein and presentation of this charge, said expenditures to be itemized by The Florida Bar and submitted to the respondent who is directed to forthwith pay the same. Furthermore, we hereby issue a permanent *446 injunction restraining the respondent from engaging in the acts complained of and from otherwise engaging in the practice of law in the State of Florida until eligible to do so as an authorized attorney.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.