320 So.2d 809 (1975)
THE FLORIDA BAR, Petitioner,
v.
David H. FLOWERS, Respondent.
No. 47,322.
Supreme Court of Florida.
October 15, 1975.
Leonard Rivkind, Miami Beach, Richard C. McFarlain and William B. Wiley, Tallahassee, for The Florida Bar.
David H. Flowers, in pro. per.
PER CURIAM.
This cause is before us on the petition of The Florida Bar filed pursuant to Article XVI of the Integration Rule charging Respondent with the unauthorized practice of law. Article II, Section 2, of the Integration Rule provides:
"No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of The Florida Bar."
Our jurisdiction to prohibit the unauthorized practice of law stems from Article V, Section 15, Florida Constitution, which provides that this Court "shall have exclusive jurisdiction to regulate the admission of persons to the practice of law... ." This constitutional authority necessarily includes the power to prevent the unauthorized practice of law.[1]
In its petition The Florida Bar alleges that at all times material herein Respondent was not and is not a member of this Bar or the Bar of any State or of any federal court; that he was not and is not licensed to engage in the practice of immigration law in this or any other State of the Union. Further, Petitioner alleges that Respondent has engaged in the unauthorized *810 practice of law in Dade County by one or more of the following acts:
"A. In or about August, 1974, by preparing and/or causing to be prepared and by affixing his signature thereto, a U.S. Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Form G-28, `Notice of Entry of Appearance as Attorney or Representative,' in the case of Dad Mohammed Baloch, wherein Respondent directly and specifically held himself out to be a member of The Florida Bar and `U.S. Court, So. District.' A copy of said Form G-28 is attached hereto as Petitioner's Exhibit One.
"B. In or about September, 1974, by orally communicating with an immigration deportation officer on behalf of Dad Mohammed Baloch, and by subsequently writing said deportation officer on behalf of Mr. Baloch requesting an extension of Mr. Baloch's voluntary departure from the United States. By such acts, Respondent directly and impliedly held himself out to be a licensed attorney-at-law in the State of Florida. A copy of the referenced letter is attached hereto as Petitioner's Exhibit Two.
"C. In or about June through September, 1974, by holding himself out as a licensed attorney and by rendering legal services and advice to Bertha Virginia Payne-Edwards in the context of her immigration status prior to and subsequent to marriage to one Richard A. Edwards.
"D. In or about September, 1974, by preparing and/or causing to be prepared and by affixing his signature to, a U.S. Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Form G-28, `Notice of Entry of Appearance as Attorney or Representative,' in the case of Rose Marie Hepburn, wherein Respondent directly and specifically held himself out to be an attorney-at-law and further, by stating his association with a member of The Florida Bar, i.e., one Theodore Fischer. A copy of said Form G-28 is attached hereto as Petitioner's Exhibit Three.
"E. In or about September, 1974, by preparing and/or causing to be prepared and by affixing his signature to, a U.S. Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Form G-28, `Notice of Entry of Appearance as Attorney or Representative,' in the case of Ann Welch, wherein Respondent directly and specifically held himself out to be a licensed attorney and further, by stating his association with a member of The Florida Bar, i.e., one Theodore Fischer.
"F. In or about October, 1974, by preparing and/or causing to be prepared and by affixing his signature to, a U.S. Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Form G-28, `Notice of Entry of Appearance as Attorney or Representative,' in the case of Jean C. Jean-Pierre, wherein Respondent directly and specifically held himself out to be a member of The Florida Bar and `U.S. Court, So. District.' A copy of said Form G-28 is attached hereto as Petitioner's Exhibit Four.
"G. In or about December, 1974, by preparing and/or causing to be prepared and by affixing his signature to, a U.S. Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Form G-28, `Notice of Entry of Appearance as Attorney or Representative,' in the case of Andre Gaston, wherein Respondent directly and specifically held himself out to be a licensed attorney and an associate of a member of The Florida Bar, i.e., one Theodore Fischer.
"H. In or about December, 1974, by preparing and/or causing to be prepared and by affixing his signature to, a U.S. *811 Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Form G-28, `Notice of Entry of Appearance as Attorney or Representative,' in the case of Max Phillippe, wherein Respondent directly and specifically held himself out to be a licensed attorney and an associate of a member of The Florida Bar, i.e., one Theodore Fischer.
"I. By the aforesaid acts, Petitioner has held himself out to be a practicing attorney in the State of Florida, and has, in addition, rendered legal counsel and related services in the area of immigration and naturalization law."
In Respondent's answer to this Court's Rule to Show Cause he admits that he is not a member of The Florida Bar or any other Bar, State or federal, submitting that he has been self-employed for many years in the profession of Marketing Research for well-known national corporations, although for approximately three to four years he was employed by the United States Department of the Interior, Division of Territories and Island Possessions and, subsequently, Insular Government of Puerto Rico, as the administrative assistant to the Governor.
Replying specifically to Paragraphs A-H, supra, of the petition, Respondent states "... that approximately February 1, 1974 he was hired by Theodore Fisher, Attorney, as a salaried employee and in a clerical capacity. Mr. Fisher is a lawyer, a member of the Florida Bar and is authorized to practice before the U.S. Court, Southern District." Additionally, Respondent answers:
"B. Respondent states that at that time Mr. Fisher informed him Mr. Fisher was representing a number of clients before the U.S. Department of Justice, Immigration and Naturalization Service and that as soon as feasible he wanted the Respondent to do necessary work in Mr. Fisher's office and at the offices of Immigration and Naturalization Service pertaining to clients' pending and new applications for permanent residence in the U.S. and corollary matters.
"C. Respondent further states that Mr. Fisher told the Respondent specifically at such time with no hesitation or doubt that it was not necessary for Respondent to be an attorney and that as a layman, Respondent could perform this work as long as Respondent was associated with or worked for a lawyer.
"D. Respondent further states Mr. Fisher told the Respondent that as a lawyer, Mr. Fisher would represent all clients in matters coming before any trial judge at the Immigration and Naturalization Service as this was an area where a lawyer was required. Respondent states that he never appeared before a trial judge in any manner except for sometimes arranging for Mr. Fisher's appearances with the judges' secretaries.
"E... . Respondent had prepared and filled out G-28 forms `Notice of Entry of Appearance as Attorney or Representative' for Mr. Fisher's signature on numerous occasions and to alleviate typing repetitive information such as `Florida Bar, U.S. Court, Southern District', under Section 1. of the form and all other information required by the form that could be typed, had caused this information to be mimeographed, using an original G-28 form. The mimeographed forms were then used requiring only client information and Mr. Fisher's signature, saving considerable secretarial time.
"Respondent states that at a later date when he began work requiring appearance at the Immigration and Naturalization's various divisions, he had similar mimeographed forms prepared for his own use and placed for use when needed in the form files. With particular reference to section 1 of the G-28 form, where `X' designates an attorney and *812 member in good standing of applicable bars, Respondent states that this was closely interpreted by him to mean said Theodore Fisher's qualifications and not the Respondent's. This interpretation was based on (1) Mr. Fisher's statements contained in C and D above, (2) the fact that invariably section 3 of the G-28 form always designated Respondent's association (employment) with Mr. Fisher and (3) that Mr. Fisher knew of the existence of the G-28 form prepared for Respondent's signature inasmuch as the form files contained such copies as did some of the clients' files which Mr. Fisher reviewed and used.
"F... . Respondent did sign letters using the letterhead of Mr. Fisher dealing with matters directly relating to work done by Respondent so that proper and prompt follow-up by Respondent upon reply could be taken. At no time did the Respondent indicate by any reference under his signature that he was an Attorney. Again, Respondent wrote such letters believing firmly on Mr. Fisher's statement in C & D above. Other letters on matters primarily handled by Mr. Fisher were prepared for his signature.
"G. Respondent states that in or about December, 1975, (sic) Mr. Fisher informed Respondent that an official with the Immigration and Naturalization Service, Ruth Zavoli, stated she was going to take action against the Respondent for unauthorized practice of law. There followed a discussion wherein Respondent asked Mr. Fisher to go immediately to the proper authorities in Immigration and Naturalization Service and verify Mr. Fisher's statements to Respondent contained in C & D above.
"At the same time Respondent stated to Mr. Fisher that he would no longer do work at Immigration and Naturalization Service until a definite ruling or opinion was given by proper officials of said service and Mr. Fisher promised to do so. Mr. Fisher never secured such an opinion or ruling from proper officials on repeated requests by Respondent. Because the issue was never resolved, Respondent ceased doing any significant Immigration work and the association with Mr. Fisher ended March 1, 1975.
"H. Respondent states that he was employed by Mr. Fisher on a salary and never received any fees or monies from clients.
"I. Respondent states that he has never knowingly represented himself as an attorney, has ceased his employment with Mr. Fisher and has no intention now or in the future of representing himself as a lawyer.
"J. Respondent states he has no objection to issuance of a permanent injunction by this Court restraining the Respondent from engaging in the practice of law in the State of Florida."
Thereafter Petitioner moved for a judgment on the pleadings; this motion is granted. We do, therefore, issue a permanent injunction restraining Respondent from the following activities:
(a) Respondent shall not prepare and/or cause to be prepared and/or affix his signature to U.S. Department of Justice, Board of Immigration Appeals and Immigration and Naturalization Service Forms G-28, "Notice of Entry of Appearance as Attorney or Representative" on behalf of any person or persons;
(b) Respondent shall not advise, counsel, and/or represent, for a fee or otherwise, any person or persons in reference to the immigration and naturalization laws of this Country unless and until he is licensed to engage in such practice by appropriate authority; and
(c) Respondent shall not otherwise hold himself out as an attorney and/or engage in the practice of law in the State of Florida.
*813 We assess the costs of these proceedings against Respondent.
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), judgment vacated on other grounds 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).