PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) petitioned The Florida Bar Standing Committee on the Unlicensed Practice of Law for an advisory opinion on the following issue pursuant to Rule 10-7 of the Rules Regulating the Florida Bar:
Is the preparation of documents by lay counselors and the presentation of non-contested dependency court cases by lay counselors, including the filing of the documents, presentation of the case, request for relief and testimony of counselors the unauthorized practice of law?
We review the proposed formal advisory opinion pursuant to Rule 10-7.1(g) of the Rules Regulating the Florida Bar. We have jurisdiction under Article V, section 15, Florida Constitution, which provides that this Court “shall have exclusive jurisdiction to regulate the admission of persons to the practice of law,” and the attending power to prevent the unauthorized practice of law. The Florida Bar v. Flowers, 320 So.2d 809 (Fla.1975); State ex rel. The Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), vacated on other grounds, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).
The Committee summarized the HRS dependency proceedings as follows:
Sections 39.40-39.415, Florida Statutes, are the basic legislation giving rise to dependency cases in Florida. A child who is found to be dependent is, under § 39.01, Florida Statute, a minor who has been abandoned, abused, neglected, a runaway, a truant, or an ungovernable child. When HRS receives a report of abuse or neglect, a local intake officer of HRS conducts an initial investigation, and may initiate a dependency proceeding in the circuit court. Fla.Stat. § 39.404. HRS may take the child involuntarily into custody if there are “reasonable grounds to believe that the child has been abandoned, abused or neglected, is suffering from illness or injury, or is in immediate danger from his surroundings and that his removal is necessary to protect the child.” Fla.Stat. § 39.401(l)(b). Under those circumstances, a detention petition must be filed, the parents or custodian must be given notice and a detention hearing must be held within 48 hours to determine whether the child is to remain in a shelter. Fla.Stat. § 39.402(9)(a) and 10. At the detention hearing, the court is to determine whether continued shelter care is authorized for up to an additional 21 days prior to an adjudicatory hearing. Fla.Stat. § 39.402(10).
The statute requires HRS to file a dependency petition within 7 calendar days of the child’s being taken into custo *1271 dy. Fla.Stat. §§ 39.402(10); 39.404(3). An arraignment hearing must be held no more that 14 calendar days after the child is taken into custody. Fla.Stat. §§ 39.402(10); 39.408(l)(a). At the arraignment hearing, the parent or custodian must either admit, deny or consent to findings of dependency alleged in the petition. Id. If an admission or consent is accepted by the court, the case is then set for a dispositional hearing, within 7 calendar days after arraignment but still within the 21 calendar days of the child’s being taken into custody. Id. See Rule 8.730(b), Rules of Juvenile Procedure. If the parent does not admit to the petition, an adjudicatory hearing must be held within 7 calendar days of the arraignment hearing. Id. It is at the adjudicatory hearing that the State Attorney’s Office must represent HRS in contested cases. Fla.Stat. § 39.404(4)_
Assuming the court finds dependency at the adjudicatory hearing or there has been a consent or admission accepted by the court, the next step ... is the disposition hearing. Fla.Stat. § 39.408(3). A pre-dispositional report is prepared by the HRS counselor and submitted to the Court. Id. In addition, written plans of proposed treatment, training or conduct may be submitted by any party. Rule 8.790(c), Florida Rules of Juvenile Procedure. See Fla.Stat. § 409.168. The disposition hearing must be held within 30 days of the adjudication. Fla.Stat. § 39.402(11). Once a dispositional order has been entered and a child has been committed to the custody of HRS or placed under the supervision of HRS, additional hearings may be held on issues such as the performance agreement or permanent placement plan, the six month judicial review, custody and the termination of supervision and/or jurisdiction. Fla.Stat. §§ 39.41; 409.168.
At each stage of the proceeding, the court must advise the parent or custodian of their right to have counsel present, and to have court-appointed counsel for insolvent persons. Rule 8.560(a)(1), Rules of Juvenile Procedure. In abuse and neglect cases, a guardian ad litem is mandatory for the child, and any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent. Rule 8.590, Florida Rules of Juvenile Procedure.
The Committee found that HRS lay counselors are engaged in the unauthorized practice of law by drafting pleadings and legally binding agreements, and representing another in court. We have found that these types of activities constitute the practice of law in other areas ranging from domestic relations law to tenant eviction proceedings: see e.g., The Florida Bar v. Strickland, 468 So.2d 983 (Fla.1985) (preparation of legal documents relating to domestic relations, and appearing in Florida courts on behalf of party in cases relating to domestic relations is the practice of law); The Florida Bar v. Mickens, 465 So.2d 524 (Fla.1985) (preparing legal documents and appearing in court in tenant eviction proceedings is the practice of law); The Florida Bar v. Kaufmann, 452 So.2d 526 (Fla. 1984) (practice of law includes appearing in court or in proceedings which are part of judicial process); Summit Pool Supplies, Inc. v. Price, 461 So.2d 272 (Fla. 5th DCA 1985)(creditor’s filing of statement of claim against estate is not unauthorized practice of law since it is not a pleading or court appearance).
The practice of law is an amorphous term, not susceptible to precise definition. We set forth the broad parameters of such practice in Sperry, stating that
if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law.
140 So.2d at 591. HRS concedes that the lay counselor’s activities require knowledge *1272 of the law greater than that possessed by the public. Further, it is self-evident that these activities affect important rights of the child and the parents.
HRS also claims that there is no requirement for its counselors to be lawyers because they are representing HRS in carrying out the state’s sovereign role of ‘parens patriae. However, we know of nothing which permits state agencies to be represented in the Florida courts by nonlawyers. Cf. Nicholson Supply Co. v. First Federal Savings & Loan Association, 184 So.2d 438 (Fla. 2d DCA 1966) (corporation may not appear as a party except through counsel).
HRS next argues that if its activities are the practice of law, they are authorized under the Florida Rules of Juvenile Procedure and Chapter 39, Florida Statutes, entitled “Proceedings Relating to Juveniles.” This Court has the exclusive jurisdiction to authorize the practice of law in the state of Florida. Art. V, § 15, Fla. Const. We recognize that the legislature has the limited constitutional authority to encroach on this Court’s jurisdiction in the area of practice and procedure within administrative agencies. Art. V, § 1, Fla. Const.; The Florida Bar v. Moses, 380 So.2d 412 (Fla. 1980). Nevertheless, the HRS activities at issue in this cause occur in judicial rather than administrative proceedings. Chapter 39 is invalid to the extent that it authorizes HRS lay counselors to practice law in the courts of this state. See Gator Freightways, Inc. v. Mayo, 328 So.2d 444 (Fla. 1976) (“while procedure within administrative agencies is subject to statutory regulation, procedure in all Florida courts is governed by such rules of procedure as have been adopted by this Court”); Bluesten v. Florida Real Estate Commission, 125 So. 2d 567 (Fla.1960) (“while the legislature may prescribe the method of conducting hearings and the procedure to be followed in the administrative agencies of this state, the sole power to prescribe rules for the practice and procedure in the courts is vested by the Constitution in this Court”).
The Committee found that the Florida Rules of Juvenile Procedure authorize HRS lay counselors to prepare, sign and file detention petitions; affidavits of diligent search and inquiry; and predisposition reports. The Committee recommends against authorization of other related activities (e.g., preparing dependency petitions; permanent commitment petitions; waiver of counsel stipulations; motions; plans of proposed treatment, training or conduct; performance agreements; and petitions for permanent commitment), finding that HRS lay counselor mistakes and delays result in public harm, due in part to a lack of adequate training and supervision in the proper procedures and legal ramifications of the dependency process. HRS asks that we authorize the lay counselor’s present activities, arguing that requiring licensed legal representation will not necessarily improve the system. HRS further points out that there is no assurance of legislative funding for such representation.
The paramount concern in defining and regulating the practice of law is the “protection of the public from incompetent, unethical, or irresponsible representation.” Moses, 380 So.2d at 417. While we agree with the Committee that HRS lay counselors are engaged in the practice of law, we are not convinced that such practice is the cause of the alleged harm, or that enjoining this practice is the most effective solution to this complex problem. The parties have raised legitimate and pressing concerns which are worthy of further study. The Chief Justice shall appoint an ad hoc committee to study the problem and make recommendations to this Court. We therefore hold that HRS lay counselors may continue their present activities pending the report of this committee and action thereon. This temporary authorization is limited to the extent that the trial court may order thht HRS appear through legal counsel when the circumstances of the particular case so require.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.