PER CURIAM.
The Juvenile Rules Committee of The Florida Bar has petitioned this Court to approve its quadrennial report of proposed changes to the Florida Rules of Juvenile Procedure. Pursuant to Florida Rule of Judicial Administration 2.130, the proposed amendments were submitted to The Board of Governors of The Florida Bar for review. With three exceptions — amendments to rules 8.290, 8.710, and 8.800 — the board unanimously recommended approval. Additional comments have been received from Florida’s Department of Health and Rehabilitative Services (HRS) and from Central Florida Legal Services, Inc. Both groups point out that this Court in The Florida Bar Re: Advisory Opinion HRS Nonlaw-yer Counselor, 518 So.2d 1270 (Fla.1988), created an ad hoc committee to study and make recommendations concerning the role of HRS counsellors in dependency cases. This is the subject of present proposed changes to rules 8.710 and 8.800. The committee’s report is due December 1, 1988. In its response to the present proposals, HRS recommends that this Court refrain from acting on the proposed changes to rules 8.710, 8.720, and 8.800 until the report has been received. Central Florida Legal Services similarly recommends that *921 this Court postpone acting on the proposed amendment to 8.800.
In its report, the rules committee proposes that rules 8.710 and 8.800 be amended to empower HRS agents to make court appearances on behalf of the department in certain detention hearings and in certain instances where post-disposition relief is sought. We defer acting upon these changes until the report of the ad hoc committee has been received. We do, however, approve the rules committee’s proposed change to rule 8.710(b), which concerns the time limits for detention hearings. The rules committee also proposes that rule 8.720(a) be amended to conform to statutory changes concerning the obligation of the state attorney to review dependency petitions filed by nonlawyers. We approve this change, but we further amend this rule to contain the concomitant statutory provision that this review shall not interfere with the right of any person to file dependency petitions. See § 39.404(1), Fla.Stat. (1987).
We approve the rules committee’s request that all committee notes dated prior to 1984 found within the existing rules be deleted. These notes are oftentimes confusing and outdated. We hereby order deleted the committee notes to the following rules: 8.010, 8.030, 8.040, .8.050, 8.070, 8.080, 8.090, 8.100, 8.110, 8.120, 8.130, 8.140, 8.150, 8.170, 8.180, 8.190, 8.200, 8.210, 8.220, 8.230, 8.240, and 8.270. We approve the rules committee’s request that outdated forms be deleted from the existing rules. We hereby order deleted the following forms: 8.904, 8.906, 8.912, 8.915, 8.921, 8.923, 8.924, 8.925, 8.926, 8.927, and 8.931.
We approve the remainder of the proposed changes. Appended is the text of the amended portions of the rules. The amended rules become effective January 1, 1989. The committee’s comments (reason for change) are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
APPENDIX
OLD RULE
RULE 8.050 DETENTION HEARING
(b) TIME. The detention hearing shall be within twenty-four (24) hours after the child is taken into custody excluding Sundays and legal holidays.
OLD RULE
RULE 8.160. TRANSFER OF CASES
The court may transfer any case after adjudication, when adjudication is withheld, or when a plan under Rule 8.130(a)(2) has been accepted, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge may determine to be for the best interest of the child. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing the clerk and the state attorney of the receiving court within five (5) days a certified copy of the order of transfer and of all previous orders entered by the court in the interest of that child.
NEW RULE
RULE 8.050 DETENTION HEARING
(b) TIME. The detention hearing shall be held within the time limits as provided by law twenty-four (24)-hours after the child is taken into ■ custody- excluding- Sundays
NEW RULE
RULE 8.160. TRANSFER OF CASES
The court may transfer any case, after adjudication, or when adjudication is withheld, or when a-plan-under-Sule-8,130(a)(2) has been accepted, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge may determine to be for the best interest of the child. No case shall be transferred to another county under this rule unless a plea of nolo contendere or guilty has been entered by the child on the charge being transferred, or until the transferring court has found the child committed the offense in question after an adjudicatory hearing in the county where the offense occurred. Any
REASON FOR CHANGE
The time limit within which a hearing must be held has been changed by statute several times in recent years. The current rulé is in conflict with the law. This change will correct that and eliminate the need for future changes if the time limit is again changed by law.
REASON FOR CHANGE
The former rule does not make it clear enough that the taking of a plea or trial of a case must be held in the county where the offense occurred. Additionally, K.M. v. State, 448 So.2d 1124 (Fla. 2d D.C.A.1984), indicates the problems that can occur when an appellate court on one side of the state attempts to rule on the validity of a plea that took place in another circuit and appellate district.
*922 OLD RULE
RULE 8.190 ADJUDICATORY HEARINGS
(k) Motion for Judgment of Dismissal. If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence.
OLD RULE
RULE 8.230. Motion for Rehearing
(a) Basis. After the court has entered an order ruling on a pretrial motion, an order of adjudication or an order withholding adjudication any party may move for rehearing upon one or more of the following grounds:
OLD RULE
J. GENERAL PROVISIONS
Rule 8.290 Providing Counsel to Parties
(a) Duty of the Court. The court shall advise the child of his right to counsel. If the child is insolvent the court shall appoint counsel unless waived as provided herein.
OLD RULE
RULE 8.290 PROVIDING COUNSEL TO PARTIES
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
OLD RULE
RULE 8.320. DISQUALIFICATION OF JUDGE
(e) Substituted Judge; Responsibility. When a party shall have suggested the disqualification of a trial judge and an order shall action challenging the entry of a plea or the adjudicatory hearing result must be brought in the transferring court’s county. The transferring court shall enter an order transferring its jurisdiction and certifjing the case to the proper court, furnishing the clerk and the state attorney of the receiving court within five (5) days a certified copy of the order of transfer and of all previous orders entered by the court in the interest of that child.
NEW RULE
RULE 8.190 ADJUDICATORY HEARINGS
(k) Motion for Judgement of Dismissal. If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to establish a prima facie case of guilt against the child, it may, and or on the motion of the state attorney or the child any party shall, enter an order dismissing the petition for insufficiency of the evidence.
NEW RULE
(a) Basis. After the court has entered an order ruling on a pretrial motion, an order of adjudication, or an order withholding adjudication, any party may move for rehearing upon one or more of the following grounds:
NEW RULE
Rule 8.290 Providing Counsel to Parties
(a) Duty of the Court. The court shall advise the child of his right to counsel. The court shall appoint counsel as provided by law unless waived by the child, at each stage of the proceeding as provided — herein. This waiver shall be in writing if made at the time of a plea of guilty or no contest or adjudicatory hearing.
NEW RULE
(b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
NEW RULE
(e) Substituted Judge; Responsibility. When a party shall have suggested the disqualification of a trial judge and an order shall
REASON FOR CHANGE
The new language more closely follows Fla.R.Crim.P. 3.380.
REASON FOR CHANGE
A comma is needed before and after “or an order withholding adjudication”.
REASON FOR CHANGE
To conform the rule to law and to provide a written documentation of the child’s waiver of counsel at the critical stages of the proceeding.
REASON FOR CHANGE
Present language is too broad and vague. New language conforms with section 4 of the rule.
REASON FOR CHANGE
A comma is needed after “disqualified”.
*923 have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in lieu of the judge so held to be disqualified the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.
OLD RULE
RULE 8.530. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in a proceeding initiated in a division other than the juvenile division of the circuit court that facts are alleged which essentially constitute a dependency, the court may upon consultation with the juvenile division order the transfer of action and the transmittal of all relevant papers to the juvenile division. The juvenile division shall then assume jurisdiction only over matters pertaining to dependency, custody and visitation.
OLD RULE
RULE 8.710 DETENTION PETITION, HEARING AND ORDER
(b) Detention Hearing
(2) The court shall conduct an informal hearing on the petition within 24 hours, excluding Sundays and legal holidays, from the time the child is taken into custody. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met. have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in lieu of the judge so held to be disqualified, the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.
NEW RULE
RULE 8.530. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at anytime in a proceeding initiated in a division other than the juvenile division of circuit court that facts are alleged which essentially constitute a dependency, the court may, upon consultation with the administrative judge assigned to juvenile cases juvenile division order the transfer of action and the transmittal of all relevant papers to the juvenile division. The juvenile division shall then assume jurisdiction only over matters pertaining to dependency, custody, and visitation and child support.
NEW RULE
RULE 8.710 DETENTION PETITION, HEARING AND ORDER
(b) Detention Hearing
(2) The court shall conduct an informal hearing on the petition within the time limits as provided by law 24 hours, excluding-Sundays and legal-holiday⅜-from-the time-the-child-is4akon into custody. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met.
REASON FOR CHANGE
The change of language from “juvenile division” to “Administrative judge assigned to juvenile cases” is for the purpose of clarity: it was the intent of this rule that the circuit judge in the general (or other) division should consult with the administrative judge in the juvenile division; however, the way the rule is written is ambiguous as to who in the juvenile division has authority to authorize the transfer. This change clarifies that it is the administrative judge, and not the Clerk of the Court or the administrator who can authorize a transfer.
The inclusion of child support as an issue over which the juvenile court judge should have jurisdiction is for the purposes of consistency. The judge who determines who will have physical custody of the child is in the best position to decide what contributions the other party must take toward the child’s support.
REASON FOR CHANGE
The time limit to hold a hearing has been changed by statute several times in recent years. This change will conform the rule to the law and eliminate the need for future changes if the time limit is again changed by law.
*924 (3) no change recommended
(4) no change recommended
(5) no change recommended
(6) no change recommended
(7) new section
OLD RULE
Rule 8.720 Petitions
A.) Contents of Petitions
(1) A petition may be filed by any person. Each petition shall be entitled a petition for dependency and shall allege sufficient facts showing the child to be dependent based upon applicable law.
(2) no change recommended
(3) no change recommended
(4) no change recommended
(5) new section
NEW RULE
Rule 8.720 Petitions
A.) Contents of Petitions
(1) A petition may be filed as provided by law by-any-person. Each petition shall be entitled a petition for dependency and shall allege sufficient facte showing the child to be dependent based upon applicable law.
(5) Upon the filing of a petition the clerk’s office shall forward the petition to the State Attorney or his designate. In the case of child abuse, where the petition is filed by a person who is not an attorney, the State Attorney or his designate shall review the petition for legal sufficiency or otherwise be available to assist the petitioner in preparation of the technical aspects of the Petition-Nothing in this section shall interfere with the right or decision of any person to file a petition alleging dependency.
REASON FOR CHANCE
To conform to the new language in Florida Statutes 39.404(1).