674 So.2d 747 (1996)
STATE of Florida, Appellant,
v.
Scott Edward FOSTER, Jr., and Martha Jean Foster, Appellees.
Nos. 95-1200, 95-2312.
District Court of Appeal of Florida, First District.
February 28, 1996.
Opinion on Grant of Clarification April 26, 1996.
*748 Barry Richard, of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, for Appellant.
The Florida Bar, Amicus curiae.
Scott E. Foster & Martha J. Foster, pro se, for Appellees.
MICKLE, Judge.
The State of Florida appeals from orders issued in separate cases 1) dismissing charges against Scott E. Foster, Jr., and his wife, Martha J. Foster, purportedly arising from the unauthorized practice of law and 2) finding section 454.23, Florida Statutes, vague and violative of federal constitutional protections or unconstitutional in its application to the appellees. We reverse both orders.
In Santa Rosa County Case No. 94-2809, Mr. Foster was charged with four counts of unauthorized practice of law for his participation in four depositions by questioning four witnesses in two different cases. In Escambia County Case No. 94-22137, the State likewise charged Mrs. Foster for her participation in one deposition by questioning a witness.
The applicable statute provides:

*749 454.23 Penalties. Any person not licensed or otherwise authorized by the Supreme Court of Florida who shall practice law or assume or hold himself out to the public as qualified to practice law in this state, or who willfully pretends to be, or willfully takes or uses any name, title, addition, or description implying that he is qualified, or recognized by law as qualified, to act as a lawyer in this state, and any person entitled to practice who shall violate any provisions of this chapter, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 454.23, Fla.Stat. (1993).
In Mr. Foster's case, the trial court dismissed all counts against him; declared section 454.23 violative of the "fair warning" requirement and, thus, void as unconstitutionally vague as applied to the defendant; and certified the following question to this court pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A) as a matter of great public importance:
IS FLORIDA STATUTE 454.23 UNCONSTITUTIONALLY VAGUE AND VIOLATIVE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION WHEN USED TO PROSECUTE NON-ATTORNEYS FOR ACTIVE PARTICIPATION IN DEPOSITIONS IN CIVIL OR CRIMINAL PROCEEDINGS BY QUESTIONING A WITNESS?
Similarly, the trial court in Mrs. Foster's case dismissed the count, declared a portion of section 454.23 void as unconstitutionally vague, and certified another question:
IS THE PHRASE "SHALL PRACTICE LAW OR ASSUME OR" WHICH IS INCLUDED IN FLA. STATUTE 454.23 WHICH PROHIBITS THE UNAUTHORIZED PRACTICE OF LAW SO VAGUE AND LACKING IN SPECIFICITY AND THEREFORE VIOLATIVE OF DUE PROCESS AND EQUAL PROTECTION FOR FLORIDA NON-LAWYER CITIZENS WHO ARE IN SOME WAY CONNECTED WITH THE LEGAL SYSTEM THAT IT MUST BE EXCISED FROM THE STATUTE FOR THE REMAINDER THEREOF TO SURVIVE CONSTITUTIONAL SCRUTINY?
Assuming arguendo that we would find the statute facially constitutional, the trial court in Mrs. Foster's case determined that section 454.23 is "inapplicable or unconstitutional as applied in this case." The State's appeals were consolidated for briefing and on the merits.
In reversing both orders, we conclude that the taking of a deposition constitutes the practice of law under section 454.23, Florida Statutes; that the statute is not void for vagueness; and that the law was not unconstitutionally applied to the appellees' activities. For the reasons set forth in this opinion, we answer both certified questions in the negative.
Neither of the appellees disputes the fact that each participated in the respective depositions by questioning one or more witnesses. The Fosters are paralegals who own a business that performs paralegal functions. Neither one is a licensed attorney or a person "otherwise authorized by the Supreme Court of Florida" to practice law in this state pursuant to section 454.23, Florida Statutes.
The first issue to be resolved is whether taking a deposition constitutes the practice of law, for purposes of section 454.23, Florida Statutes (1993). The Supreme Court of Florida considered an analogous question in The Florida Bar v. Riccardi, 304 So.2d 444 (Fla.1974), in which The Florida Bar requested an adjudication of contempt and permanent injunction against Mr. Riccardi, a disbarred lawyer, for 1) appearing at and actively participating in a deposition, 2) holding himself out to the court reporter as an attorney, and 3) appearing at and actively participating in a pretrial conference in the same case. The court held that Mr. Riccardi's conduct constituted the unauthorized practice of law. Id. at 445. Citing Riccardi, the State asserts, and we agree, that the appellees' questioning of witnesses in depositions likewise constituted the unauthorized practice of law, in violation of section 454.23, Florida Statutes.
*750 The second issue is whether the lower courts correctly found the statute to be unconstitutionally vague. See also State v. Trotter, 3 Fla.L.Weekly Supp. 361 (Hernando County Ct., July 28, 1995) (finding the words "practice law" in § 454.23, Fla.Stat., unconstitutionally vague in a case where the defendant determined the need for, and assembled, drafted, executed, and funded a revocable living trust). Because statutes are presumed to be valid, we view section 454.23, Florida Statutes, with a presumption of validity. "[A] statute, especially a penal statute, must be definite to be valid." Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947). The appropriate standard for applying the vagueness doctrine embedded in the Fourteenth Amendment was addressed in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The United States Supreme Court recognized in Arnett that because "[t]here are limitations in the English language with respect to being both specific and manageably brief," a statute need only be "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." Id. at 159, 94 S.Ct. at 1647. The drafters of legislation are not to be held to an impossible standard. Rather, the Court has held that the only requirement is that a statute not be "so vague that `men of common intelligence must necessarily guess at its meaning.'" Broadrick v. Oklahoma, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830, 837 (1973), quoting Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); Linville v. State, 359 So.2d 450 (Fla. 1978). A statute "will not be struck down as vague, even though marginal cases could be put where doubts might arise." Arnett, 416 U.S. at 159, 94 S.Ct. at 1647; Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (in a facial challenge case where no constitutionally protected right is implicated, a prevailing plaintiff must prove that the law is impermissibly vague in all its applications). However broad the language may be, a statutory provision will not be judged on the basis of language alone, for the wording must be "measured by common understanding and practices." Roth v. United States, 354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498, 1511 (1957); State v. Dye, 346 So.2d 538 (Fla.1977).
For example, in In re Snyder, 472 U.S. 634, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985), the Court analyzed a different statute containing language at least as broad as the wording at issue in section 454.23, Florida Statutes. The Court considered a vagueness challenge to Federal Rule of Appellate Procedure 46, which permits an attorney to be suspended or disbarred for "conduct unbecoming a member of the bar of the Court." In upholding the rule, the Court indicated that the phrase "conduct unbecoming a member of the bar" must be "[r]ead in light of the traditional duties imposed on an attorney,..." The Court added:
[I]t is clear that "conduct unbecoming an attorney" is conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts, or conduct inimical to the administration of justice. More specific guidance is provided by case law, applicable court rules, and "the lore of the profession," as embodied in codes of professional conduct.
Id. at 644, 105 S.Ct. at 2881. The Supreme Court of Arizona has described the practice of law as follows:
We believe it sufficient to state that those acts, whether performed in court or in the law office, which lawyers customarily have carried on from day to day through the centuries must constitute "the practice of law."
State Bar of Arizona v. Arizona Land Title & Trust Co., 90 Ariz. 76, 366 P.2d 1, 9 (1961) (en banc) (title company's preparation of deeds, mortgages, leases or other instruments affecting obligations or rights between parties other than the title company, even though involved indirectly in business transactions that may also include doing business with the company, would constitute unauthorized practice of law), reh'g den., 91 Ariz. 293, 371 P.2d 1020 (1962).
Analogously, the definition of the practice of law in Florida is not confined to *751 the language in section 454.23, but, rather, is shaped by the decisional law and court rules as well as common understanding and practices. In deciding whether the appellees, as nonattorneys, received fair and adequate warning of what activities constitute the practice of law and, thus, are proscribed to unlicensed and unauthorized individuals, we find the decisional law instructive and enlightening. The Supreme Court of Florida has defined various acts as constituting the practice of law, including "appearing in Court or in proceedings which are part of the judicial process," The Florida Bar v. Kaufmann, 452 So.2d 526, 527 (Fla.1984), and, specifically, active participation in depositions, the conduct for which the appellees were charged. Riccardi, 304 So.2d at 445. Additionally, acts constituting the practice of law are described in the comprehensive federal and state civil and criminal rules of procedure and the Rules Regulating The Florida Bar. The appellees have not pointed out, nor have we found, any instance where section 454.23, Florida Statutes, has been found unconstitutional on any of the grounds argued at trial or set forth on appeal. We note that foreign courts that have reviewed comparable "unlicensed practice of law" provisions consistently have found no unconstitutional vagueness. See, e.g., Monroe v. Horwitch, 820 F.Supp. 682 (D.C.Conn.1993) (prohibiting an unsupervised paralegal from advertising an offer to prepare court documents in uncontested divorce actions, the latter act in violation of a Connecticut statute proscribing the practice of law by non-attorneys, did not violate the paralegal's First Amendment freedom of expression or Fourteenth Amendment rights to due process and equal protection), aff'd, 19 F.3d 9 (2d Cir.1994); Wright v. Lane County District Court, 647 F.2d 940 (9th Cir.1981) (Oregon statute providing that, except for the statutory right reserved to litigants to prosecute or defend a cause in person, "no person shall practice law or represent himself as qualified to practice law" without an active membership in the state bar, is not unconstitutionally vague); Hackin v. State, 102 Ariz. 218, 427 P.2d 910 (en banc) (statute providing that "[n]o person shall practice law in this state unless he is an active member of the state bar in good standing" is not unconstitutionally vague and indefinite), app. dism., 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 (1967).
In support of its ruling in Mr. Foster's favor, the trial court noted the Supreme Court of Florida's statement in The Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla. 1978), that "it is somewhat difficult to define exactly what constitutes the practice of law in all instances." Id. at 1191. In its very thorough opinion, the trial court reasoned that, if Florida's highest court cannot "define exactly" the practice of law, then the statute addressing the unauthorized practice of law must necessarily be unconstitutionally vague. We respectfully disagree, finding that the quoted language in Brumbaugh must be considered within the specific factual context of that case. The Supreme Court of Florida was considering conduct that had not yet been addressed in Florida. Defendant Brumbaugh was charged with practicing law by offering typing services to prepare do-it-yourself forms for uncontested divorces, wills, and bankruptcies and by advising customers about the costs involved in such procedures. Other jurisdictions had split on the question of whether such conduct constitutes the practice of law. Id. After discussing the constitutional and social issues bearing on the matter, the court concluded that the defendant's conduct did constitute the practice of law. Within that particular context, the court stated:
We agree that "any attempt to formulate a lasting, all encompassing definition of `practice of law' is doomed to failure `for the reason that under our system of jurisprudence such practice must necessarily change with the ever changing business and social order.'"
Id. at 1191-92, quoting State Bar of Michigan v. Cramer, 399 Mich. 116, 249 N.W.2d 1, 7 (1976).
The quoted comment was not intended, and should not be construed, to suggest that the practice of law cannot be defined or that an attempt to interpret section 454.23, Florida Statutes, must involve guesswork and chance. Instead, the court acknowledged the reasonable notion that an inflexible, permanent definition is simply impracticable. *752 Were we to adopt the appellees' suggestion that the need for flexibility in definition renders a statute void for vagueness, the State would be effectively precluded from establishing minimum qualifications for practice in the regulated and licensed professions and occupations. The law is clearly established that the states have a compelling interest in the regulation of the practice of the professions and, particularly, in the setting of minimum standards for entry into the practice of law. Goldfarb v. Virginia State Bar, 421 U.S. 773, 792, 95 S.Ct. 2004, 2014, 44 L.Ed.2d 572, 588 (1975); Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957). Having considered the provisions of section 454.23, Florida Statutes, in conjunction with the pertinent case law and rules interpreting it, we conclude that the law regulating the practice of law is "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." Arnett, 416 U.S. at 158, 94 S.Ct. at 1646; Riccardi, 304 So.2d at 444. Addressing the type of infirmity with which we are concerned in the case at bar, the United States Supreme Court has stated:
The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.
Arnett, 416 U.S. at 159, 94 S.Ct. at 1647.
On the question of whether the appellees violated section 454.23, we are guided by the following standards set forth by the Supreme Court of Florida in considering what constitutes the practice of law:
We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect[s] important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law.
State ex rel. The Florida Bar v. Sperry, 140 So.2d 587, 591 (Fla.1962) (person holding himself out as a patent attorney, and preparing patent applications and amendments, was engaged in the practice of law), vacated on other grounds, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963); The Florida Bar re Advisory Opinion HRS Nonlawyer Counselor, 518 So.2d 1270 (Fla.1988) (HRS lay counselors' preparation of documents and presentation of non-contested dependency cases, including filing of documents, presentation of case, request for relief, and testimony of counselors, constituted the unauthorized practice of law); The Florida Bar v. King, 468 So.2d 982 (Fla.1985) (conducting interviews with "clients" and choosing particular forms based on their responses; drafting entries on forms; directly contacting persons for consultations, explanations, recommendations, advice, and assistance in completion of forms; directing and participating in the accumulation of evidence; and offering advice and making decisions that require legal skill and knowledge of law constituted practice of law); Riccardi, 304 So.2d at 444.
Employing the criteria set forth by the Supreme Court of Florida in Sperry, we must consider whether the activities in which the appellees engaged "affect[ed] important rights of a person under the law" and "require[d] that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen...." 140 So.2d at 591. A deposition is an important, formal, recorded proceeding in which lawyers must observe the Florida rules of court and must rely on their legal training and skills to question witnesses effectively. The activities and services involved in participating in a deposition often implicate ethical questions and strategic considerations of the utmost importance. The *753 effectiveness of the person deposing a witness can have a significant impact on whether objectionable information is identified and addressed or waived, whether a case is made, and how the evidence therefrom is used in any subsequent legal proceeding. Depositions are transcribed by a court reporter for possible use later in court. See, e.g., Fla. R.Civ.P. 1.330 ("Use of Depositions in Court Proceedings"). Without a doubt, the process of directly examining or cross-examining a witness can affect important rights under the law. See The Florida Bar v. Mandel, 417 So.2d 647 (Fla.1982) (enjoining non-member of Florida Bar from engaging in unauthorized practice of law by including holding himself out as attorney of record, appearing as counsel and representing defendant, raising an objection, conducting cross-examination of witnesses, and giving final argument).
We conclude that, lacking adequate legal training, a nonattorney participating in the examination of a witness poses the very dangers of "incompetent, unethical, or irresponsible representation" against which the Supreme Court of Florida warned in The Florida Bar v. Moses, 380 So.2d 412, 417 (Fla.1980). For instance, the appellees, acting alone, cannot be expected to have the requisite training and experience to devise a coherent theory of the case, to object to potentially damaging testimony on the record, or to cross-examine effectively. Relying on the factually very similar opinion of the Supreme Court of Florida in Riccardi, we hold that the non-lawyer appellees' active participation in questioning witnesses in depositions, without the presence and immediate guidance and supervision of a licensed practitioner or other person authorized by the Supreme Court to practice law in Florida, constitutes the unauthorized practice of law in violation of section 454.23, Florida Statutes. Furthermore, we conclude that the law is sufficiently clear so as to put someone on notice of what conduct is proscribed.
The third question is whether section 454.23, Florida Statutes, although facially constitutional, is unconstitutional in its application to the appellees' particular conduct. In certain limited instances (such as First Amendment violations) not relevant to the instant appeals, the United States Supreme Court has applied the "overbreadth doctrine" to allow a person to challenge a statute's constitutionality based on its potential application to conduct other than that of the person(s) raising the challenge. We decline to apply the overbreadth doctrine to the vagueness challenge made by the appellees. Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); Broadrick, 413 U.S. at 617-18, 93 S.Ct. at 2918-19. Constitutional limits on the application of a statute to activities at the fringes of defined conduct have no relevance to the law's application to conduct that falls clearly within its defined scope. The conduct at issue in the cases sub judice lies squarely within the intent and scope of section 454.23, Florida Statutes.
The High Court in Parker rejected a vagueness challenge to certain articles of the Uniform Code of Military Justice that proscribe "conduct unbecoming an officer and a gentleman" and "all disorders and neglects to the prejudice of good order and discipline in the armed forces." The petitioner in Parker had engaged in conduct that was clearly unacceptable, yet he argued that the statutory wording was unduly vague in general. Thus, he attempted to inject the overbreadth doctrine into the vagueness test. The United States Supreme Court concluded, as do we, that the challenged provisions are defined by a body of authoritative construction. Accordingly, the Court declined to apply the overbreadth doctrine to the vagueness analysis. Referring to several prior cases, the Court in Parker stated:
None of them suggests that one who has received fair warning of the criminality of his own conduct from the statute in question is nonetheless entitled to attack it because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.
Id. at 756, 94 S.Ct. at 2562. For analogous reasons, we decline to apply the overbreadth doctrine to the instant cases, where the appellees' active participation in depositions does not lie at the fringe of conduct constituting *754 the practice of law. Broadrick, 413 U.S. at 608, 93 S.Ct. at 2913-14 (even if the outermost boundaries of a challenged statute may be imprecise, such uncertainty is not relevant where the appellants' conduct falls squarely within the "hard core" of the statute's proscriptions).
In summary, we find that active participation in a deposition constitutes the practice of law; that section 454.23, Florida Statutes (1993), is not unconstitutionally vague; and that the statute is not unconstitutional in its application to the appellees' activities. We answer the certified questions in the negative and reverse the orders.
REVERSED.
JOANOS and LAWRENCE, JJ., concur.

OPINION ON MOTION FOR CLARIFICATION
The appellant, State of Florida, and amicus curiae, The Florida Bar, filed a motion seeking clarification of this portion of our original opinion:
Relying on the factually very similar opinion of the Supreme Court of Florida in [The Florida Bar v.] Riccardi, [304 So.2d 444 (Fla.1974),] we hold that the non-lawyer appellees' active participation in questioning witnesses in depositions, without the presence and immediate guidance and supervision of a licensed practitioner or other person authorized by the Supreme Court to practice law in Florida, constitutes the unauthorized practice of law in violation of section 454.23, Florida Statutes.
State v. Foster, 674 So.2d at 753 (Fla. 1st DCA 1996) (emphasis added). We intended the italicized portion of this quotation to refer to those instances in which the Supreme Court of Florida has expressly authorized non-lawyers to engage in practice under the immediate supervision of a licensed attorney. See, e.g., Rules Governing the Law School Practice Program, R.Reg.Fla.Bar, Ch. 11; Emeritus Attorneys Pro Bono Participation Program, R.Reg.Fla.Bar, Ch. 12; Authorized Legal Aid Practitioners Rule, R.Reg.Fla. Bar, Ch. 13. The appellant and amicus curiae correctly point out that in the absence of such express authorization, no other provision in Florida law or in the rules of The Florida Bar permits a non-lawyer, representing another person, to participate actively in the questioning of witnesses in depositions even under the immediate guidance and supervision of a licensed attorney.
In this regard, the motion for clarification is GRANTED.
JOANOS and LAWRENCE, JJ., concur.