**Robert J. WRIGHT, Appellant,**

v.

**LANE COUNTY DISTRICT COURT, and David Burks, Appellees.**

**No. 79–4710.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided June 8, 1981.

Rehearing and Rehearing En Banc Denied Aug. 10, 1981.

Robert J. Wright, in pro. per.

Thomas J. Denney, Asst. Atty. Gen., Salem, Or., argued for appellees; James A. Redden, Atty. Gen., Salem, Or., on brief.

Before GOODWIN and SCHROEDER, Circuit Judges, and PALMIERI,* District Judge.

---

\* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. Or.Rev.Stat. § 9.160 provides:

"Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent himself as qualified to practice law unless he is an active member of the Oregon State Bar."

PER CURIAM.

■ Robert J. Wright brought this declaratory judgment action challenging the constitutionality of the Oregon statute prohibiting the unauthorized practice of law. He contends that the statute [1] is impermissibly vague and contradictory. After Wright had filed three successive complaints in the district court, the magistrate recommended that the case be dismissed. The court dismissed the action for want of jurisdiction. The action should have been dismissed under Fed.R.Civ.P. 12(b)(6); however, we affirm the judgment of dismissal.

■ In an action nearly identical to this one, the Arizona statutes forbidding the unauthorized practice of law were sustained by the state Supreme Court in *Hackin v. State*, 102 Ariz. 218, 427 P.2d 910, *appeal dismissed*, 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 *reh. denied*, 389 U.S. 1060, 88 S.Ct. 766, 19 L.Ed.2d 866 (1967). The Supreme Court dismissed Hackin's appeal for lack of a substantial federal question. *Hackin v. Arizona*, 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 *reh. denied*, 389 U.S. 1060, 88 S.Ct. 766, 19 L.Ed.2d 866 (1967). Summary dismissals for want of a substantial federal question are decisions on the merits that bind lower courts until subsequent decisions of the Supreme Court suggest otherwise. *Hicks v. Miranda*, 422 U.S. 332, 334–45, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975). *See also McCarthy v. Philadelphia Civil Serv. Comm'n*, 424 U.S. 645, 646, 96 S.Ct. 1154, 1155, 47 L.Ed.2d 366 (1976) (precedential value of a dismissal for want of a substantial federal question extends beyond the facts of the particular case to all similar cases). The Oregon statute is not unconstitutional.[2]

Affirmed.

---

2. Wright also appears to contend that Or.Rev. Stat. § 9.160 is unconstitutional because Or. Rev.Stat. § 34.340 permits persons other than attorneys to draft a petition for writ of habeas corpus. This argument is without merit. Or. Rev.Stat. § 34.340 rests upon a rational basis, and does not affect the validity of Or.Rev.Stat. § 9.160.