752 P.2d 40

**In re the Matter of Edward R. CRONIN, Petitioner,**

**v.**

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, the Honorable Chris C. Tountas, a commissioner thereof, and the Honorable Howard F. Thompson, a judge thereof, Respondent Judges,**

**Adelle RUBERG, Real Party in Interest.**

**No. 1 CA–SA 322.**

Court of Appeals of Arizona, Division 1, Department A.

March 17, 1988.

Levenbaum, Cohen & Jeckel by Robert F. Jeckel, Lillian M. Hinchman, Peoria, for petitioner.

Robert K. Corbin, Atty. Gen. by David Rich, Asst. Atty. Gen., Phoenix, for respondent Judges.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this special action is whether an employee of the Department of Economic Security is precluded from being appointed as a guardian or a conservator because of the prohibitions contained in A.R.S. § 46–452(B).

The facts are not in dispute. Petitioner, Edward R. Cronin, is an employee of Adult Protective Services, a section of the Arizona Department of Economic Security. He is also qualified and conducts a business as a private fiduciary. As such, he acts as both a guardian and a conservator under the provisions of A.R.S. §§ 14–5312 and –5417.

On September 28, 1987, petitioner sought to be appointed the guardian and conservator of Adelle Ruberg, an incapacitated person. There is no contention that Adelle Ruberg is not in need of both a guardian and a conservator. Nor is there any contention that petitioner is not qualified to act as her guardian or conservator, except for the prohibitions contained in A.R.S. § 46–452(B). This statute provides:

The department [of Economic Security] or a protective services worker employed by the department may not be appointed as guardian, conservator or temporary guardian.

On December 9, 1987, the respondent, Court Commissioner Chris C. Tountas, denied petitioner's application for appointment based upon A.R.S. § 46–452(B). Petitioner sought special action relief, contending that he is presently acting as a guardian or conservator in more than twenty cases pending before the Maricopa County Superior Court; that the respondent Howard F. Thompson, Judge of the Superior Court and presently acting probate judge of Maricopa County, has indicated that he will not appoint the petitioner as guardian or conservator in any further probate proceedings; and that Commissioner Tountas' ruling places in jeopardy petitioner's actions in other probate proceedings in which he is presently acting as a guardian or conservator.

We accepted special action jurisdiction to consider the narrow issue of whether petitioner as an Adult Protective Services employee of the Arizona Department of Economic Security may serve as a guardian or conservator.[1]

The petitioner's basic contention is that the respondent judge's order is contrary to two opinions of the attorney general. Moreover, he argues that the court's order impermissibly interferes with his statutory right to conduct a private business and the constitutional right of Adelle Ruberg to

1. We recognize that the respondent judge's order of denial of appointment is an appealable order under A.R.S. § 12–2101(J). However, since the court's order places in jeopardy the actions of the petitioner in over twenty probate cases in Maricopa County, the issue is of statewide interest, is one purely of law, and the respondent judges expressed a desire to obtain a speedy ruling on this issue, the court in exercise of its discretion agreed to accept jurisdiction.

have a person of her own choosing act as guardian and conservator.

We dispose of petitioner's last contentions summarily. There is nothing in the statutes which guarantees that petitioner may conduct a private fiduciary business. Rather, who is appointed depends upon several factors. *See* A.R.S. § 14–5311 (priority of appointment as guardian), and A.R.S. § 14–5410 (priority of appointment as conservator). Moreover, since the statutes specify who may be appointed, likewise the statutes may specify who may not be appointed.

Second, petitioner contends that the recent Arizona Supreme Court decision in *Rasmussen v. Fleming*, 154 Ariz. 207, 741 P.2d 674 (1987), stands for the proposition that Adelle Ruberg has a constitutional right "to chart ... her own medical treatment plan ... which includes the right to choose her own guardian." Without deciding whether petitioner has standing to raise this issue, we merely note that *Rasmussen* does not so hold. *Rasmussen* concerned whether the right to refuse medical treatment is a constitutionally recognized right under the umbrella of "right of privacy" and if so recognized, whether that right outweighed the state's interest in preserving life. *Rasmussen* simply does not touch on the issue of whether an incompetent or incapacitated person has a constitutional right to have a particular individual act as a guardian or conservator. In absence of any other authority, we discuss the issue no further.[2]

As previously noted, petitioner's basic contention is that A.R.S. § 46–452(B) should be interpreted as only prohibiting Adult Protective Services employees from being appointed as guardians or conservators in those areas in which "clients" of Adult Protective Services are involved. In support of this contention, petitioner cites

two opinions of the attorney general. While opinions of the attorney general are not binding on this court, we find that neither opinion supports petitioner's position. In the first, I80–201 (80–171) dated December 2, 1980, the attorney general was asked whether A.R.S. § 46–452(B) "is in conflict with other statutory provisions allowing the department [DES] or its employees to act as guardians". The attorney general concluded "that A.R.S. § 46–452(B) does not prohibit DES or its employees from acting as guardian or conservator in areas *where they are specifically authorized by statute to do so.*"[3] (Emphasis added.)

In the second Arizona attorney general opinion, I84–071 (R84–051), dated May 17, 1984, the attorney general noted that "certain Adult Protective Services workers are interpreting the language of Ariz.Atty. Gen.Op. I80–201 to mean that they are allowed to be appointed as guardians or conservators in private cases where the petition for appointment was filed by someone other than a person employed by or acting on behalf of Adult Protective Services. *That interpretation of our previous opinion is incorrect.*" (Emphasis added).

Admittedly, this latter opinion specifies that employees of DES are prohibited from acting in a fiduciary capacity for any "individual who is an Adult Protective Services client or who is the subject of an Adult Protective Services investigation or proceeding." However, in view of the clear language of the statute, we do not believe that the attorney general, by focusing on specific prohibitions, intended that persons who fell outside that limited area were free to have Adult Protective Services employees appointed as their guardians and conservators.

Rather, we agree with the attorney general that "[t]he language of the statute is

2. We note, in other contexts, that a person does not have a constitutional right to have an unlicensed person give medical care, *Fitzpatrick v. Board of Medical Examiners*, 96 Ariz. 309, 394 P.2d 423 (1964), or have an unlicensed person provide legal services. *Hackin v. State*, 102 Ariz. 218, 427 P.2d 910 (1967).

3. At the time of this opinion, A.R.S. § 41–603(A) specifically provided that the Department of Economic Security would act as guardian or conservator of an incapacitated veteran, a minor child of a veteran or the estate of a veteran. This statute was amended in 1982 (Laws 1982, Chapter 87, § 4).

unambiguous and unequivocal." By its clear and plain terms it provides that a person in the position of petitioner "may not be appointed as a guardian, conservator or temporary guardian." This language needs no interpretation. The trial court correctly denied petitioner's application for appointment as guardian and conservator of Adelle Ruberg.

Jurisdiction of petitioner's special action is accepted; relief is denied.

HAIRE and GREER, JJ., concur.