SEIGAFOLAVA R. PENE, Appellant

v.

AMERICAN SAMOA GOVERNMENT, Appellee

High Court of American Samoa
Appellate Division

AP No. 22-88

August 16, 1989

Before CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting Associate Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono
For Appellee, Jerry Williams, Assistant Attorney General

Per Canby, J.:

Seigafolava R. Pene appeals his conviction by a jury on two counts of unauthorized practice of law, in violation of A.S.C.A. § 31.0104. He attacks his conviction on several grounds.

*Speedy trial*

Appellant first argues that he was denied his right to a speedy trial, guaranteed to him by Article I, Section 6 of the Revised

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Constitution of American Samoa. Appellant was first informed of the charges against him at his initial appearance on June 21, 1987. Although appellant thereafter requested that he be promptly tried, his trial was not held until July 12, 1988, over one year after his initial appearance.

There is no fixed formula for determining when the right to a speedy trial has been violated; each case must be determined on its own facts. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Relevant factors are the length of delay, the reasons for the delay, a demand for trial by the defendant, and the prejudice to the defendant resulting from the delay. *Id.* In this case, the delay was long and a prompt trial was demanded, but the reasons for the delay were very substantial. One source of delay was that appellant caused subpoenas to be inappropriately issued to many officials, and motions to quash had to be entertained and granted. An even greater cause of delay was for competency examinations, resulting in the trial court's ordering of 120 days of treatment for appellant. After the treatment, appellant was found to be competent to proceed with his trial. In light of the justifiable reasons for most of the delay, we conclude that there was no violation of the right to speedy trial. We also note that appellant was not substantially prejudiced by the delay; he was not incarcerated, and the documentary nature of the evidence minimized the danger of fading memories.

## Self-representation

At his initial appearance, appellant elected to represent himself, and he consequently conducted his own defense before the jury, although with the advisory aid of an attorney designated by the court. Appellant raises many arguments that arise from the fact that he represented himself. He contends that his waiver of counsel was not informed and intelligent, that he should have been provided with counsel at his competency hearing, that his defense was incompetently conducted, and that he was inadequately advised by his advisory counsel.

Appellant is now represented by counsel on this appeal, however, and counsel has shown us nothing to indicate that appellant's original decision to conduct his own defense was not voluntary, or that appellant was not made aware of the dangers and pitfalls of self-representation. The right to counsel is attended by "the correlative right to dispense with a lawyer's help." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942); *see Faretta v. California*, 422 U.S. 806 (1975). Appellant is thus free to represent himself at any stage of the criminal proceedings, including the competency hearing. Appellant

chose to exercise his right to represent himself, and the trial court was correct in honoring that choice.

It is almost certainly true that appellant's defense would have been better conducted by a lawyer than it was by appellant himself, but that fact does not free appellant from the consequences of his choice. *See Faretta*, 422 U.S. at 834. Appellant is not entitled first to insist on his right to defend himself and then to insist that his conviction must be reversed because his defense was less than competent. The trial court did appoint a public defender to assist appellant during trial,[1] and appellant conferred with him on occasion. The conviction was supported by documentary evidence and the trial was not a farce or mockery of justice. We are satisfied that defendant's right to the assistance of counsel was not violated.

### Unauthorized practice of law

Appellant contends that the crime of unauthorized practice of law, as set forth in A.S.C.A § 31.0104, is so vague that its enforcement violates due process of law. He also contends that the acts of which he was found guilty cannot qualify as the unauthorized practice of law.

Section 31.0104 simply prohibits the "practice of law" without a license or the authorization of the Chief Justice. While "practice of law" is a general term, it has been held to be sufficiently definite that its employment in a criminal statute satisfies the demands of due process. *Hackin v. State*, 102 Ariz. 218, 220, 427 P.2d 910, 912 (1967); *People v. Ring*, 26 Cal. App. 2d 768, 70 P.2d 281 (1937). We adhere to that rule.

Appellant's contention that his actions cannot qualify as the practice of law is presented to us in an awkward posture. Appellant did not object to the court's instructions to the jury, and he has not attacked the instructions on appeal. His argument is therefore reduced to a contention that the actions with which he was charged could under no circumstances be found to constitute the practice of law. We reject that claim.

---

[1] Because appellant has not been sentenced to imprisonment, the Sixth Amendment of the United States Constitution would not have required counsel to be appointed even in the absence of a waiver. *Argersinger v. Hamlin,* 407 U.S. 25, 40 (1972).

We need not describe the outer boundaries of the practice of law, because there is no question that legal representation of another in court, or in settlement negotiations with opposing attorneys, falls well within the definition. The evidence established that appellant filed a memorandum in Criminal Case No. 9-87 in support of a defendant's motion for reconsideration of an adverse decision. The memorandum clearly contains legal argument offered on behalf of the third party, the defendant. The evidence is more than sufficient to support the jury's verdict that appellant was guilty of the charge in Count I.

The evidence also shows that appellant undertook to write certain letters on behalf of a convicted prisoner, William Lloyd. One letter, to Lloyd's former lawyer, states that appellant is prepared to bring a civil action on behalf of Lloyd "pro se" against the Government of American Samoa. It also proposes an offer of settlement of Lloyd's criminal case, to be transmitted to the government. Another letter, to an assistant attorney general, follows up on "my personal offer and compromise," and urges further efforts on the part of the Attorney General's office to negotiate regarding Lloyd's case. These letters clearly support the jury's verdict that appellant was guilty of the charge in Count II.

*Conclusion*

The conviction of appellant on both counts is AFFIRMED.