**STATE of Missouri, Respondent,**

v.

**Jim CARROLL, Appellant.**

**No. WD 44258.**

Missouri Court of Appeals,
Western District.

Oct. 22, 1991.

James W. Carroll, pro se.

Douglas Roberts, Brent Turner, Chillicothe, for respondent.

Before LOWENSTEIN, C.J., and FENNER and HANNA, JJ.

PER CURIAM.

After a bench trial, Jim Carroll was convicted of practicing law without a license in violation of § 484.020, RSMo 1986, and was sentenced to pay a $100 fine. He now appeals *pro se*. The state, however, has not favored this court with a brief.

The conviction is reversed.

An amended information charged that Carroll "unlawfully engaged in the practice of law by drawing pleadings and filing same in the Circuit Court of Livingston County, ... at a time when Defendant was not duly licensed to practice law...."

At trial the state's evidence included the testimony of Cora Stockwell, circuit clerk, and Kenneth R. Lewis, circuit judge. Stockwell testified that one of her assistants had received for filing a petition for writ of habeas corpus. Stockwell admitted that she had not personally received the petition and had not been present when it was filed. Judge Lewis related that Carroll had entered his office to present a petition for writ of habeas corpus, seeking the release of P.W. Peterson from the county jail. The judge directed Carroll to file the petition in the circuit clerk's office. Carroll indicated that the law required the petition to go to the head of the docket, then asked how many similar cases were on the docket. Judge Lewis again told Carroll to file the petition with the clerk. Carroll left the judge's office and went across the hall toward the clerk's office. Later the same day, Judge Lewis received the petition from the circuit clerk and ruled on it. Carroll was not present during the ruling.

The pleading in question was styled "In re P.W. Peterson" and included Carroll's name, who signed as "petitioner."

Section 484.020.1 directs that no person shall engage in the practice of law, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect. Under § 484.020.2, violation of this prohibition constitutes a misdemeanor punishable by a fine not exceeding one hundred dollars and the costs of prosecution. The pertinent definition appears in § 484.010.1:

> The **"practice of the law"** is hereby defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies.

This statutory definition controls in any criminal prosecution under § 484.020. *See Hoffmeister v. Tod*, 349 S.W.2d 5, 11 (Mo. banc 1961); *Automobile Club of Missouri v. Hoffmeister*, 338 S.W.2d 348, 355 (Mo. App.1960).

Carroll's arguments on appeal appear to be directed toward the sufficiency of the evidence. In support, he notes that the misconduct cited in the information charged him with drawing and filing pleadings in a circuit court case. Not disputing his lack of a license to practice law, Carroll maintains that the state adduced no evidence showing that he actually drew and filed the petition. He contends that the only evidence against him was his signature on the petition. Carroll argues that § 532.020, RSMo 1986, expressly authorized him to sign the petition for writ of habeas corpus on behalf of his friend.

Both the statute and the corresponding court rule provide alternatives for signing a petition for writ of habeas corpus. Section 532.020, in pertinent part, directs that

> Application for the writ shall be made by petition, signed by the party for whose relief it is intended, or *by some person in his behalf*, to some court of record, or to any judge thereof other than a municipal judge. The petition shall be verified by the oath of the applicant, or some *other competent person....* (Emphasis added).

Rule 91.03 reiterates the signature requirements:

> The *petition* for a writ of habeas corpus shall be *signed* by the person for whose relief it is intended *or by some person acting in his behalf.* (Emphasis added).

█ This case presents novel concerns: the prevention of incompetent and unreliable legal services balanced against the right to prepare and file a petition for writ of habeas corpus. Missouri courts are entitled to regulate the practice of law by laypersons through refusal to enforce contracts involving the unauthorized practice of law, quo warranto proceedings, contempt actions, and criminal prosecutions. Note, *Attorneys—Unauthorized Practice of Law By Laymen*, 3 Mo.L.Rev. 313, 314 (1938). On the other hand, the writ of habeas corpus is the means for enforcing the fundamental right of personal liberty guaranteed by both the United States and Missouri Constitutions. U.S. Const. art. 1, § 9, cl. 2; Mo. Const. art 1, § 12; *Young v. State*, 724 S.W.2d 326, 327 (Mo.App.1987).

█ No reported Missouri appellate opinions deal with appeals from a criminal conviction under § 484.020. The one case which addresses the apparent conflict between a statute prohibiting the unauthorized practice of law and one implementing the right to the writ of habeas corpus is *Hackin v. State*, 102 Ariz. 218, 427 P.2d 910; *appeal dismissed*, 389 U.S. 143, 88 S.Ct. 325, 19 L.Ed.2d 347 (1967). It involved the criminal prosecution for the unauthorized practice of law of a layperson who had assisted another person in a habeas corpus proceeding. The Arizona Supreme Court held that the statute which criminalized the practice of law by unlicensed individuals was limited by the habeas corpus statute which authorized the petition to be "signed *either* by the party for whose relief it is intended or by some person in his behalf." *Id.*, 427 P.2d at 911. This statutory language is the same as our statute and rule. Recognizing the writ of habeas corpus as a safeguard for the most important human right in the constitution, the *Hackin* court interpreted the habeas corpus statute as permitting any person to act on behalf of a prisoner in getting a habeas corpus claim before the court. *Id.* at 911–12. In support of its interpretation, the court reasoned:

> It is a practical realization that one confined to a cell, without ready access to a lawyer, often must depend on his family or friends to have "his body brought before the court" (i.e. "habeas corpus") to determine the legality of his incarceration. *Id.* at 911.

The court in *Hackin* also noted that the legal knowledge needed to represent a person in court was not needed in preparing an application for habeas corpus which properly contains facts alone, not legal arguments. *Id.* at 912. The exception formulated in *Hackin* allowed a layperson to prepare and file a petition for writ of habeas corpus on behalf of another; but once the prisoner was brought before the court, the layperson was subject to criminal prosecution for continuing to act on the prisoner's behalf[1]. *Id.* In fact, the state in *Hackin* conceded a non-lawyer could file a habeas petition on behalf of another. *Id.* at 911.

This court adopts the exception created by and the reasoning advanced in the *Hackin* case because of the analogous factual situations, the similar language in the criminal statutes and the habeas corpus provisions of both states, and the lack of Missouri precedent. This holding applies only to the preparation and filing of habeas petitions. The court by this narrow decision does not wish to encourage the practice, but merely proclaims such activity is an exception to the practice of law definition under § 484.010.1, *supra*, and therefore does not constitute a misdemeanor.

Carroll's conviction of practicing law without a license is reversed and the defendant discharged from payment of the $100 fine.

---

1. Hackin's conviction of practicing law without a license was affirmed on appeal because his actions went beyond the preparation and the filing of the petition for writ of habeas corpus; Hackin represented the prisoner in court at the hearing on the petition.