54 P.3d 826

Herb ENCINAS, a married man,
d/b/a Moon Valley Builders,
Petitioner,

v.

The Honorable J. Kenneth MANGUM,
Judge of the Superior Court of the State
of Arizona, in and for the County of
Maricopa, Respondent Judge,

Aida C. Suarez, an unmarried person;
Moses Shepard, an unmarried person,
Real Parties in Interest.

No. 1 CA–SA 01–0247.

Court of Appeals of Arizona,
Division 1, Department E.

Jan. 17, 2002.

Reconsideration Denied Feb. 20, 2002.

Review Denied June 25, 2002.

The Eagleburger Law Group By Scot G. Teasdale, G. Gregory Eagleburger, Phoenix, Attorneys for Petitioner.

Aida C. Suarez and Moses Shepard, Phoenix, In Propria Persona.

## OPINION

LANKFORD, Judge.

¶ 1 In this special action, Petitioner Herb Encinas challenges the superior court's order allowing a non-lawyer to ask questions and make arguments on behalf of his mother. Petitioner contends this order improperly permits the unauthorized practice of law. By order, we previously accepted jurisdiction and granted relief, indicating that a decision would follow. Our decision holds that the order was improper because it is inconsistent with the supreme court's exercise of its exclusive jurisdiction over who may practice law in Arizona.

¶ 2 The underlying case is a contract action by Petitioner Encinas against Real Party in Interest Suarez. Real Party in Interest

Shepard is Suarez's son. He responded as self-professed "Counsel for Defendant" by filing an answer and a motion to dismiss.

¶ 3 The trial court struck these pleadings *sua sponte* because "Mr. Shepard is not admitted to practice law in Arizona and he gains no authority to act by virtue of being the Defendant's son." In a later minute entry, however, a newly assigned trial judge allowed "Mr. Shepard to participate as her assistant, to function as her attorney in fact, to ask questions, etc." The trial judge denied Petitioner's motion for reconsideration and clarified his earlier ruling, stating that "Mr. Shepard is not Ms. Suarez's attorney but may help her in asking questions and making arguments. He may not sign documents on her behalf. He may not claim attorneys fees or any other reimbursement that a *pro per* cannot claim." Petitioner then filed this special action.

■ ¶ 4 Special action jurisdiction is appropriate in this case. The issue is one of statewide importance. *See generally* Robert B. Van Wyck & Lynda C. Shely, *Unauthorized Practice of Law: Should We Just Give Up?*, 35 Ariz. Att'y 22 (Jan.1999). Petitioner also has no remedy by way of appeal from this interlocutory order. *See* Ariz. R.P. Spec. Act. 1(a).

¶ 5 The question presented is whether the court's order was improper in light of the supreme court's exercise of its exclusive jurisdiction over who may practice law in Arizona. *See In re Creasy*, 198 Ariz. 539, ¶ 7, 12 P.3d 214, 216 (2000) (discussing history of court's authority over the practice of law); *Hunt v. Maricopa County Emp. Merit Sys. Comm'n*, 127 Ariz. 259, 261–62, 619 P.2d 1036, 1038–39 (1980) (the supreme court's authority over the practice of law arises under article III of the Arizona Constitution). The supreme court has adopted Rule 31(a)(3), which limits the "privilege to practice" to active members of the State Bar. Ariz. R. Sup.Ct. 31(a)(3). Therefore, if the

trial court authorized Shepard—who is not a member of the bar—to practice law, the court exceeded its jurisdiction.

¶ 6 The supreme court has defined the practice of law as

those acts, whether performed in court or in the law office, which lawyers customarily have carried out from day to day through the centuries.... Such acts include, but are not limited to, one person assisting or advising another in the preparation of documents or writings which affect, alter, or define legal rights; the direct or indirect giving of advice relative to legal rights or liabilities; the preparation for another of matters for courts, administrative agencies and other judicial and quasi-judicial bodies and officials as well as the acts of representation of another before such a body or officer. They also include rendering to another any other advice or services which are and have been customarily given and performed from day to day in the ordinary practice of members of the legal profession, either with or without compensation.

*State Bar of Ariz. v. Ariz. Land Title & Trust Co.*, 90 Ariz. 76, 95, 366 P.2d 1, 14 (1961).

■ ¶ 7 The superior court's order allowed Shepard to practice law as defined by our supreme court. It permits Shepard to ask questions and make arguments in court on behalf of Suarez.[1] This representation is the practice of law. We need not visit the "outer boundaries of the term" to conclude that this conduct constitutes the "practice of law." *Hackin v. State*, 102 Ariz. 218, 221, 427 P.2d 910, 913 (1967). "It cannot be disputed that one who represents another in court, be he an indigent or not, is, under our adversary process, going to the very core of the practice of law, a fact with which even the most uninformed persons are well aware." *Id.* The superior court erred by allowing an unauthorized person to practice law.[2]

---

1. For example, Shepard was permitted to address the court on Suarez's behalf at a Rule 16 pretrial conference., *See* Ariz. R. Civ. P. 16.

2. Moreover, by doing so, the order may place Petitioner's counsel at risk of unethical conduct

by "assisting" in the unauthorized practice of law. Supreme Court Rule 42, Ethical Rule 5.5(b) provides that a lawyer shall not "assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law." The Arizona State

¶ 8 The real parties in interest argue that Shepard's actions constitute permissible self-representation, *see Connor v. Cal–Az Prop., Inc.,* 137 Ariz. 53, 56, 668 P.2d 896, 899 (App.1983), because he has a future interest in his mother's property. This argument lacks merit. Shepard is not a party. Neither his familial relationship nor his speculative interest as a prospective heir entitles him to represent Suarez. *See Haberkorn v. Sears, Roebuck & Co.,* 5 Ariz.App. 397, 399, 427 P.2d 378, 380 (1967) (non-lawyer husband may not represent wife in a court of law, despite any community interest); *Bloch v. Bentfield,* 1 Ariz.App. 412, 417, 403 P.2d 559, 564 (1965) (non-lawyer plaintiff could represent self but not co-plaintiff family members).

¶ 9 They further argue that Suarez requires her son's assistance because she speaks little English and suffers from a partial hearing loss. First, these limitations do not require the *legal* assistance which the court authorized. *See Lisbon v. Merino,* No. 95CO67, 1997 WL 433530, at *3 (Ohio App. Jul. 30, 1997) (discussing trial judge's ethical duty to prevent the unauthorized practice of law and upholding a ruling forbidding defendant's husband to sit with, assist or advise her during a hearing). Second, these circumstances do not necessitate assistance from Shepard. A court interpreter has been appointed in this case. The hearing loss appears to be raised for the first time in this special action. We decline to address issues not raised in the trial court. *See Martin v.Super. Ct.,* 135 Ariz. 258, 261, 660 P.2d 859, 862 (1983). Moreover, the record indicates that Suarez has been able to respond during pretrial hearings, and the suggestion that Suarez suffers from hearing loss requiring assistance is thus not supported by the record before us.

¶ 10 Finally, the real parties in interest contend that the trial court's order must be upheld to ensure Suarez's due process right to be heard. We disagree. Suarez may represent herself. Suarez may hire a lawyer. The fact that she may not be able to afford a lawyer in this civil action does not violate due process. *See State ex rel. Corbin v. Hovatter,* 144 Ariz. 430, 431, 698 P.2d 225, 226 (App.1985) (an indigent's right to appointed counsel is recognized only where the litigant may lose his physical liberty if he loses the litigation (citing *Lassiter v. Dep't of Soc. Serv.,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981))); *In re Kory L.,* 194 Ariz. 215, 217–18, 979 P.2d 543, 545–46 (App. 1999) (same).

¶ 11 The court's order exceeded its jurisdiction. Accordingly, we grant relief and vacate the order.

CONCURRING: JON W. THOMPSON, Presiding Judge, and DANIEL A. BARKER, Judge.

Bar Committee on Professional Conduct has concluded that a lawyer who negotiates or participates in arbitration with one engaged in the unauthorized practice of law violates Ethical Rule 5.5(b). Op. Ariz. State Bar I99–07. Participation in litigation is as problematic as participation in arbitration.