NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

GREGORY GABRIS, *Petitioner/Appellee,*

*v.*

COURTNEY GABRIS, *Respondent/Appellant.*

No. 1 CA-CV 19-0117 FC
FILED 12-3-2019

Appeal from the Superior Court in Maricopa County
No.  FC 2018-090538
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

APPEARANCES

Courtney Gabris, Tucson
*Respondent/Appellant*

Gregory Gabris, Mesa
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1 Courtney Gabris ("Mother") appeals from the superior court's entry of a decree of dissolution of marriage from Gregory Gabris ("Father"), arguing that the superior court erred in allocating parenting time and in awarding joint legal decision-making authority. She also claims that venue was improper, and she should have been appointed an attorney. The superior court has broad discretion in reaching determinations in a family law matter. *See, e.g.*, *Burkhardt v. Burkhardt*, 109 Ariz. 419, 420 (1973). Because the court did not abuse its discretion, venue was proper, and there is no right to appointed counsel in most civil cases, we affirm.

## BACKGROUND

¶2 Father and Mother were married in March of 2013. The parties have one child in common. The couple separated the following year. Father returned to the Phoenix area, while Mother and the child remained in Tucson. For approximately the first five years of his life, the child primarily resided in Tucson with Mother and his two half siblings.

¶3 Early in February 2018, Mother was involved in a domestic-violence altercation with her then boyfriend resulting in an extended hospitalization. The child was initially placed with the maternal uncle, but the Department of Child Safety placed the child with Father four days later. The child continued to reside with Father in Mesa even after Mother was released from the hospital.

¶4 On February 26, 2018, Father filed a petition for dissolution of marriage and emergency petition in Maricopa County for legal decision making and parenting time. The superior court issued an order granting Father temporary sole legal decision-making authority and parenting time and suspending Mother's parenting time. Two days later, Mother filed a petition for dissolution in Pima County. She subsequently filed a motion for temporary orders as well. The Pima County superior court issued a

competing temporary order placing the child with Mother and suspending Father's parenting time.

**¶5**        Mother filed a motion to dismiss the Maricopa County action or move the case to Pima County. The superior court denied her motion and consolidated the cases in Maricopa County because Father's petition was filed first. Having serious concerns about the fitness of both parties. the court, pursuant to the Arizona Rules of Family Law Procedure, ("Rule") 10.1, appointed an advisor who prepared a confidential report and later testified at the dissolution proceeding. Mother attempted a second time to have venue transferred to Pima County, which the court again denied.

**¶6**        The court held a trial where it heard arguments, took testimony, and reviewed exhibits, after which it issued a decree of dissolution of marriage. After making the relevant findings under A.R.S. § 25-403(A), the court found that it was in the best interests of the child to award joint legal decision-making authority, with presumptive decision-making authority granted to Father. The court further made Father the primary residential parent and allocated every other weekend for Mother's parenting time. The parents were to split parenting time during holidays and summer vacation evenly. Mother timely appealed.

## DISCUSSION

**¶7**        Mother argues the superior court erred in its parenting-time allocation and grant of joint legal decision-making authority because (1) she is a fit parent, whereas Father is unfit and lacks credibility; (2) venue was improper in Maricopa County; and (3) she would have been able to make her case more effectively had she been provided an attorney

**¶8**        ARCAP 13(a)(7) requires opening briefs to have an argument section that contains contentions concerning each issue presented for review, supporting reasons for each contention, citations to legal authorities, appropriate references to the portions of the record on which the appellant relies, and the applicable standard of appellate review. "Failure to [comply with ARCAP 13(a)(7)[1]] can constitute abandonment and waiver . . . ." *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Mother's opening brief fails to comply with ARCAP 13(a)(7) because she fails to support her arguments with citations to legal authorities, references to the record, or to identify the applicable standard of review. Disregarding

---

[1]        While *Ritchie* references ARCAP 13(a)(6), ARCAP 13 has since been amended. The pertinent requirements are now found in ARCAP 13(a)(7).

Mother's failure to comply with the rules, we examine each argument and find no error.

## I.      Legal Decision Making and Parenting Time

**¶9**      We uphold a superior court's legal decision making and parenting time determinations absent an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). An abuse of discretion exists if the record lacks any competent evidence to support the court's decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). We do not substitute our judgment for that of the superior court in balancing competing interests, determining disputed questions of fact or credibility, or pursuing recognized judicial policy. *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 218, ¶ 7 (App. 2000). We will affirm the court's decree if any reasonable evidence supports it. *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984).

**¶10**      The superior court must determine legal decision making and parenting time in accordance with the best interests of the child. A.R.S. § 25-403(A); *see* §§ 403.01(B), 403.02(B). In determining the children's best interests, the court shall consider all relevant factors listed in § 25-403(A). "In a contested legal decision making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

**¶11**      Here, the superior court made specific findings and conclusions of law based on the parties' arguments, testimony, and exhibits presented at trial. After applying the statutory factors set forth in A.R.S. § 25–403(A), the court determined that awarding joint legal decision-making authority and designating Father the primary residential parent was in the child's best interests. Mother's argument on appeal is merely a request for this court to reweigh the evidence, which is not our function. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009); *Armer v. Armer*, 105 Ariz. 284, 289 (1970) (the superior court has broad discretion to determine parenting time because it is in the best position to determine the parenting measures that are in a child's best interests). We find no abuse of the superior court's discretion and affirm these rulings.

## II.     Venue

**¶12**      Mother next argues that venue was improper in Maricopa County and that the case should have been transferred to Pima County. "Unlike some jurisdictions, an order granting or denying a change of venue is not an appealable order in the State of Arizona." *Goff v. Super.*

*Courts In & For Pima & Maricopa Ctys.*, 2 Ariz.App. 344, 347 (1965); *see* A.R.S. § 12–2101. "Because an appeal cannot adequately cure an erroneous venue ruling, such orders are appropriately reviewable by special action." *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, 2 (App. 2006) (internal citation omitted). "[W]hen a venue ruling hinges on findings of fact, we will not disturb a trial court's order granting or denying a change of venue unless the court clearly has abused its discretion." *Yarbrough*, 214 Ariz. at 4.

**¶13**        "Actions for dissolution of marriage or legal separation shall be brought in the county in which a petitioner is residing at the time the action is filed." A.R.S. § 12-401(13). If the court consolidates two or more cases, the first-filed case number controls, and the clerk must file all further filing under that number only, Rule 5(b).

**¶14**        Venue was proper in Maricopa County because Father resided there when he filed the petition for dissolution, and his petition was first in time.[2] Moreover, Arizona does not permit an appeal from the denial of a change of venue motion, and Mother did not seek special action review when her motions were denied. We do not disturb the superior court's venue rulings on appeal. *Zuckernick v. Roylston*, 140 Ariz. 605, 605 (App. 1984) ("[A]ppellate courts will not generally interfere with a venue ruling . . . .").

## III.    Attorney

**¶15**        Finally, Mother contends that she would have been able to make her case more effectively had she been provided an attorney. Arizona does not recognize a right to appointed counsel in most civil cases. *State ex rel. Corbin v. Hovatter*, 144 Ariz. 430, 431 (App. 1985) (due process does not require appointment of counsel for indigent civil party); *Encinas v. Mangum*, 203 Ariz. 357, ¶ 10 (App. 2002) (in civil cases, due process is satisfied if a litigant is given the opportunity to either hire an attorney or represent themselves). Mother was free to hire counsel. However, there is no right to appointed counsel in a dissolution proceeding.

---

[2]        Mother cites ARFLP 23.1 in support of her challenge to venue. This rule only applies in the event venue is improper and is inapplicable because Maricopa County was a proper venue

**CONCLUSION**

**¶16** The superior court properly exercised its discretion in allocating parenting time and awarding joint legal decision making. Venue in Maricopa County was proper, and Mother was not entitled to appointed counsel. We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA