NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

US BANK NATIONAL ASSOCIATION,
*Plaintiff/Appellee,*

*v.*

EVAN A. KURTZ, et al.,
*Defendants/Appellants.*

No. 1 CA-CV 21-0379
FILED 2-8-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-004772
The Honorable Susan G. White, Judge *Pro Tempore, Retired*

**AFFIRMED**

COUNSEL

Evan A. Kurtz, Phoenix
*Defendant/Appellant*

McCarthy & Holthus, LLP, San Diego, California
By Melissa Robbins Coutts
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 Defendant Evan Kurtz[1] appeals from the superior court's order releasing his supersedeas bond to plaintiff U.S. Bank National Association (the Bank). Because Kurtz has shown no error, the order is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2 After purchasing real property at a trustee's sale in 2018, the Bank filed this forcible entry and detainer (FED) action against Evan and Gail Kurtz. The court found them guilty of FED and issued a writ requiring immediate delivery of possession of the property to the Bank.

¶3 Kurtz moved to stay execution of the writ pending appeal. After a hearing, the court set a supersedeas bond, including monthly rental value payments to be made in the future, and granted the stay contingent upon Kurtz complying with the bond requirements. *See* Ariz. Rev. Stat. (A.R.S.) § 12-1182(B) (2022);[2] *see also* A.R.S. § 12-1179(D). Kurtz apparently deposited the bond amounts, including the monthly rental value payments, with the clerk of the superior court. After affirming the FED judgment, and other procedural undertakings, in August 2020, this court issued the mandate transferring jurisdiction back to the superior court.

---

[1] Though Gail Kurtz is listed as a party, she has not made any filings with this court. Evan, who is not an attorney, is proceeding as a self-represented party and cannot represent Gail. *See Encinas v. Mangum*, 203 Ariz. 357, 359 ¶ 8 (App. 2002) (citing cases).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise cited.

¶4          In March 2021, the Bank sold most of its interest in the property to Catamount Properties 2018, L.L.C., but retained its right to the supersedeas bond proceeds. Kurtz apparently remained in possession of the property, with Catamount later filing another FED action.

¶5          In April 2021, Kurtz asked the superior court to distribute to him the supersedeas bond proceeds (including the monthly rental value payments), claiming the money "lawfully belongs to him" because the Bank was "no longer prosecuting the action and ha[s] sold the subject property." The Bank countered by asking that the proceeds be released to it, noting it sold the property to Catamount but that "it did not assign . . . the right to receive the bond payments made by Defendants Kurtz." After considering the filings, the court denied Kurtz' motion and granted the Bank's request, releasing the bond proceeds to the Bank.

¶6          This court has jurisdiction over Kurtz' timely appeal of that ruling pursuant to A.R.S. § 12-2101(A)(2) and *Brumett v. MGA Healthcare, L.L.C.*, 240 Ariz. 420, 428-29 ¶¶ 14-15 (App. 2016) ("[C]ompliance with Rule 54(b) or 54(c) is not required for 'any special order made after final judgment' to be appealable under A.R.S. § 12-2101(A)(2).").

**DISCUSSION**

¶7          Kurtz argues that "either U.S. Bank no longer had a legal relationship to the property and thus cannot sustain the lawsuit and is not entitled to the Bond money or Catamount by virtue of its special warranty deed did not have a legal relationship and could not bring its forcible detainer action." This argument, however, does not account for the fact that the Bank sold the property to Catamount while retaining the right to the supersedeas bond proceeds.

¶8          Posting a supersedeas bond permits a party to stay enforcement of an adverse judgment until the appeals process is complete. *See* A.R.S. § 12-1182(B). Doing so here allowed Kurtz to retain possession of the property during the appeal. *See* A.R.S. §§ 12-1182; 12-1179(D). Recognizing a purpose of a supersedeas bond is to secure the payment of a judgment following its affirmance on appeal, the prevailing party presumptively is entitled to the bond proceeds after the conclusion of the appeal. *Cf. Bobrow v. Herrod*, 239 Ariz. 84, 87 ¶ 13 (App. 2015) ("The purpose of a supersedeas bond is to preserve the status quo pending appeal.").

¶9          Here, the appeal process ended in August 2020, when the mandate issued transferring jurisdiction back to the superior court. That court then properly could disburse the bond proceeds, which it did in the

order Kurtz challenges in this appeal. Thus, Kurtz has not proven that these issues were "never settled or disposed of" or that the purpose of the stay implemented by the supersedeas bond remains. *See Tri City Nat'l Bank v. Barth*, 237 Ariz. 90 (App. 2015) (finding superior court lacked authority to stay execution of a judgment not currently pending appeal).

**¶10**        Moreover, although the Bank sold its interests in the property, it represented that it retained the right to the bond proceeds and the record contains no genuine dispute of that representation. Thus, although the Bank has a claim to the bond proceeds, Catamount would not. Conversely, the Bank has no possessory interest in the property, although Catamount may. On this record, the Bank is entitled to the proceeds of the supersedeas bond paid to the superior court. *See also* ARCAP 7(b)(1) (noting stay imposed by supersedeas bond expires upon the issuance of the appellate court mandate); Ariz. R.P. Evict. Act. 17. Thus, Kurtz has shown no error in the superior court's ruling disbursing the supersedeas bond proceeds to the Bank.

## CONCLUSION

**¶11**        The ruling releasing the supersedeas bond proceeds to the Bank is affirmed.

