[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10195

Non-Argument Calendar

_____

KEVIN CICHOWSKI,
STANLEY CICHOWSKI, JR.,

Plaintiffs-Appellants,

*versus*

ANDREA K. TOTTEN,
Small claims judge, in official capacity,
THE FLORIDA BAR,
an organization,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-01181-TJC-MCR

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Stanley and Kevin Cichowski filed a civil rights action under 42 U.S.C. § 1983 against Judge Andrea Totten and the Florida Bar.

In their amended complaint, they alleged that Judge Totten violated Stanley's constitutional rights and the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* She did so by not allowing Kevin (Stanley's son) to help Stanley put on his small claims case based on the Florida Bar's rules concerning the unauthorized practice of law, and by threatening Kevin with arrest.[1]

The Cichowskis also alleged that the Florida Bar's rules concerning the unauthorized practice of law are unconstitutionally vague. In their view, those rules violate the First and Fourteenth Amendments.[2]

The district court dismissed the amended complaint with prejudice, ruling that Judge Totten had absolute judicial immunity and that the Florida Bar had Eleventh Amendment immunity. On

_____

[1] The Cichowskis requested only injunctive relief against Judge Totten.

[2] With respect to the Florida Bar, the Cichowskis requested money damages and injunctive relief.

appeal, the Cichowskis argue that Judge Totten was not entitled to absolute judicial immunity because she was engaged in an executive function in enforcing the Florida Bar's rules. They also argue that the Florida Bar is not entitled to Eleventh Amendment immunity because (a) Congress abrogated that immunity when it passed the ADA, and (b) the Florida Bar is violating federal law with respect to *pro se* litigants on an ongoing basis.

## I

In reviewing the district court's dismissal on judicial immunity and Eleventh Amendment immunity grounds, we accept the factual allegations in the amended complaint as true. And we draw all inferences in the light most favorable to the Cichowskis. *See Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1295–96 (11th Cir. 2007). *See also Buckley v. Fitzimmons,* 509 U.S. 259, 261 (1993) (assuming allegations in complaint to be "entirely true" for purposes of analyzing absolute immunity).

We liberally construe *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But neither this Court nor the district court is required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal citation and quotation marks omitted).[3]

---

[3] In conducting our review in this case, we assume that the Cichowskis asserted a claim under Title II of the ADA in their amended complaint.

As the district court explained in its order, in Florida practicing law without a license constitutes a felony. *See* Fla. Stat. § 454.23. Florida Bar Rule 10-2.29(a) clarifies that nonlawyers may assist self-represented parties in completing certain approved forms without running afoul of § 454.23. The assistance must be limited to oral "communications reasonably necessary to elicit factual information to complete the blanks on the form and inform the self-represented person how to file the form." Fla. Bar. R. 10-2.29(a). "The nonlawyer may not give legal advice or give advice on remedies or courses of action." *Id.*

## II

We review whether a judge is entitled to absolute judicial immunity *de novo*. *See Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017). Judicial immunity extends to state court judges, and "applies even when the judge's conduct was in error, was done maliciously, or was in excess of [her] authority." *Id*. A judge will only be deprived of immunity when she acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Judicial immunity does not generally bar injunctive relief, but such relief will not be granted unless "a declaratory decree was violated, or declaratory relief was unavailable." *See* 42 U.S.C. § 1983; *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

Whether a judge's actions were made in her official capacity, and within the bounds of her jurisdiction, depends on whether "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court;

(3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in [her] judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Here, the district court did not err in dismissing the Cichowskis' claims against Judge Totten with prejudice. Based on the allegations of the amended complaint, she acted within the bounds of her jurisdiction when she ensured that the Cichowskis complied with the Florida Bar's rules on the unauthorized practice of law. *See Stevens*, 877 F.3d at 1301; *Bolin*, 225 F.3d at 1239. First, Judge Totten's actions were taken in her official judicial capacity. *See Sibley*, 437 F.3d at 1070. Second, given that Judge Totten's actions concerned a small claims matter pending before her, she did not act in the absence of all jurisdiction. *See Bolin*, 225 F.3d at 1239. As we have explained, "[j]udges have an obligation to maintain control over the courthouse and over the conduct of persons in the courthouse[.]" *Stevens*, 877 F.3d at 1305. A judge's enforcement of applicable rules in a pending case is a quintessential judicial act. Third, insofar as the Cichowskis sought any injunctive relief against Judge Totten under § 1983, they did not allege that a declaratory decree was violated, or that declaratory relief was unavailable. *See Pulliam*, 466 U.S. at 541–42; 42 U.S.C. § 1983.

### III

We review a district court's dismissal on Eleventh Amendment grounds *de novo*. *See In re Emp. Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1310 (11th Cir. 1999). Eleventh

Amendment immunity extends to the Florida Bar because it is an official arm of the Florida Supreme Court, and therefore, an arm of the state itself. *See Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993). There are, however, several exceptions to Eleventh Amendment immunity, and we discuss them below.

First, a state can consent to suit in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). But Florida has not waived its sovereign immunity with regard to § 1983 actions. *See Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1520 (11th Cir. 1986).

Second, Eleventh Amendment immunity can be abrogated by a clear congressional statement in certain statutes. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Congress, however, has not abrogated the states' Eleventh Amendment immunity from § 1983 suits. *See Williams v. Bd. of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).

Third, Title II of the ADA does abrogate Eleventh Amendment immunity for damages actions against states for conduct that "actually violates the Fourteenth Amendment[.]" *United States v. Georgia*, 546 U.S. 151, 153–54, 159 (2006) (citing 42 U.S.C. §§ 12131–22) (emphasis omitted). The only allegations in the amended complaint about the ADA, however, are that Stanley "is dyslexic and often needs help with reading" and that the county court failed to provide him a reasonable accommodation (i.e., did not allow Kevin

24-10195                Opinion of the Court                7

to help him present his case). *See* Amended Complaint, D.E. 28 at ¶ 49.[4]

The problem for the Cichowskis is that rules barring the unauthorized practice of law have been upheld when challenged under the Fourteenth Amendment. *See Wright v. Lane Cty. Dist. Ct.*, 647 F.2d 940, 941 (9th Cir. 1981); *Monroe v. Horwitch*, 820 F.Supp. 682, 686–87 (D. Conn. 1993). Although these cases did not involve disabled individuals, we are aware of no authorities to the contrary. On the facts alleged, the amended complaint does not state a claim for a constitutional violation.

Fourth, "[t]he [*Ex parte*] *Young* doctrine permits federal courts to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law." *McClendon v. Ga. Dept. of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (referencing *Ex Parte Young*, 209 U.S. 123 (1908)) (emphasis omitted). However, this third exception applies only to prospective relief against state officers. *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). It "does not permit judgments against state officers declaring that they violated federal law in the past, . . . and has no application in suits

---

[4] The Cichowskis' brief contains additional factual allegations, e.g., that Stanley has social anxiety disorder, that Kevin is also dyslexic, and that Florida is denying access to judicial services to those who suffer from dyslexia and social anxiety disorder. We do not consider these allegations. "[F]acts contained in a motion or brief cannot substitute for missing allegations in the complaint." *EEOC v. Catastrophe Management Solutions*, 852 F.3d 1018, 1030 n.5 (11th Cir. 2016) (citation and internal quotation marks omitted).

against the [s]tates and their agencies, which are barred regardless of the relief sought." *Id.* So this exception does not save the claims against the Florida Bar.

## IV

In closing, we recognize that district courts are sometimes required to give *pro se* litigants additional leeway to amend their pleadings before dismissing with prejudice. *See Woldeab v. Dekalb Cty. Bd. Of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Nevertheless, district courts can dismiss with prejudice when amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Here the Cichowskis do not seek leave to amend. Nor do they say what additional factual allegations they could include in a second amended complaint that would allow them to avoid judicial immunity for Judge Totten and Eleventh Amendment immunity for the Florida Bar.

The district court's order of dismissal is affirmed.

**AFFIRMED.**